UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SHEPHERD,

        Plaintiff,

v.                                                                                                         Case No. 20-11730

JOHN CASEY,

        Defendant.
                                        /

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Anthony Shepherd is incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff names as defendants "John Casey and associated individuals" and alleges that they conspired to violate his constitutional rights by altering the trial transcripts in his criminal trial. (*Id.* at PageID.1,3.) For the reason that follow, the complaint will be dismissed.

**I.  STANDARD**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.  DISCUSSION

In 2006, Plaintiff was convicted in Wayne County Circuit Court of assault with intent to murder, Mich. Comp. Laws § 750.83, and felony firearm, Mich. Comp. Laws § 750.227b. He claims that the Wayne County assistant prosecutor, Defendant John Casey, and other "associated individuals" conspired to alter trial transcripts from his criminal trial. (ECF No. 1, PageID.3.) He argues that these actions denied him his right to a meaningful appeal in violation of his rights to due process and equal protection. Plaintiff seeks a new trial and monetary damages. (*Id.* at 23.)

A civil rights plaintiff does not state a cognizable claim under § 1983 "if success in that action would necessarily demonstrate the invalidity of the confinement or its duration," *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, (2005), unless the plaintiff proves the sentence of confinement "has been reversed on direct order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

2

federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus." *Sampson v. Garrett,* 917 F.3d 880, 881 (6th Cir. 2019) (citing *Dotson*, 544 U.S. at 81). In *Sampson*, the plaintiff alleged that state-court officials and private attorneys conspired to deprive him of a complete trial record, hindering his direct criminal appeal. *Id.* at 881-82. The Sixth Circuit concluded that *Heck* barred the plaintiff's access to the court claim, reasoning as follows:

> *Heck* blocks a state prisoner's § 1983 claim if its success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487, 114 S.Ct. 2364.  …
>
> Whether *Heck* applies to an access-to-the-court claim alleging state interference with a direct criminal appeal is a new question for us.  That it is a new question, however, does not necessarily make it a hard question.  Because the right of access is "ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a "nonfrivolous, arguable" claim. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (quotation omitted).
>
> Sampson maintains that he is entitled to damages because the defendants prevented him from using the trial transcripts and other materials in his direct—and unsuccessful—appeal.  He could prevail on that claim only if he showed that the information could make a difference in a nonfrivolous challenge to his convictions.  He could win in other words only if he implied the invalidity of his underlying judgment.  *Heck* bars this kind of claim.

*Sampson*, 917 F.3d at 881-82.

Here too, *Heck* bars Plaintiff's claims. The injury Plaintiff allegedly suffered because of Defendants' conduct was the inability to fairly present his case on appeal. That appeal was a direct challenge to Plaintiff's original conviction. "A favorable judgment on [this claim] would necessarily bear on the validity of his underlying

3

judgment, because that is exactly what he says the defendants kept him from contesting fairly." *Sampson*, 917 F.3d at 881-82 (emphasis deleted). Since Plaintiff has not shown the invalidity of his conviction, his claims are barred by *Heck.*

Alternatively, this case is subject to dismissal on the basis of prosecutorial immunity and Plaintiff's failure to satisfy minimum pleading requirements. First, prosecutors enjoy absolute immunity from suits under § 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects any conduct relating to "initiating a prosecution and . . . presenting the State's case." *Id.* at 431. Prosecutorial immunity "provides complete protection from judicial scrutiny of the motives" for a prosecutor's actions. *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir.1997). "Absolute immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Grant v. Hollenback*, 870 F.2d 1135, 1138 (6th Cir.1989). Plaintiff's allegations concern conduct related to presenting the State's case and defending the conviction and sentence on appeal. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Casey.

Second, Plaintiff alleges a conspiracy between Defendant Casey and "associated individuals." A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion

4

of conspiracy," not merely a "possible" one). Plaintiff fails to support his conclusory claim with facts to indicate any conspiracy existed. In fact, he fails to provide any specific information to identify the "associated individuals" with whom Defendant Casey allegedly conspired. Plaintiff also fails to provide any information to support his claim beyond a bare assertion that a conspiracy existed. *See Pahssen v. Merrill Community School District*, 668 F.3d 356, 368 (6th Cir. 2012) ("[C]onspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.") (quotation omitted). Plaintiff does not the meet basic pleadings requirements for stating a conspiracy claim.

### III.  ORDER

For the reasons stated above, Plaintiff's complaint is subject to summary dismissal. Accordingly,

IT IS ORDERED that the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

 S /Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 25, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 25, 2020, by electronic and/or ordinary mail.

 S/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522